UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Noah Lyons, by and through his mother, Nancy Flores, *Plaintiff*, | § § § § | |
| v. | § § | Case No. 1:25-CV-01419-ADA |
| Eanes Independent School District, *Defendant*. | § § § | |

**ORDER**

Before the Court is Plaintiff's motion for a preliminary injunction, Dkt. 2. After reviewing the parties' briefs, the arguments of counsel, and the relevant law, the Court denies Plaintiff's motion.

## I.     Background

This case involves an ongoing dispute over the educational placement of a high-school student. Plaintiff is an eighteen-year-old student enrolled at Westlake High School in the Eanes Independent School District (EISD). Dkt. 1, at ¶ 1. Plaintiff suffers from a complex neurological condition and life-threating allergies, so he receives special education instruction and services. *See id.* These accommodations are outlined in an Individualized Educational Program (IEP) developed for Plaintiff in August 2023. *See* Dkt. 4-3.

Several aspects of the August 2023 IEP are central to this dispute. First, the IEP recognizes that Plaintiff will attend classes in a "remote synchronous online homebound setting." *See, e.g., id.* at 8. Second, the IEP shows that Plaintiff will take four classes during the 2025-2026 school year: PE, World History, Foreign Language,

1

and Fine Arts. *Id.* at 25. Finally, the IEP indicates that Plaintiff will graduate under the Foundational High School Program, which requires only 22 credits to graduate. *Id.*

In April of this year, Plaintiff filed a request for a special education due process hearing with the Texas Education Agency. Dkt. 2-1, at 2. Plaintiff alleged that EISD failed to provide him needed social opportunities and transition planning, disregarded the findings of multiple doctors who recommended that he receive synchronous online instruction, and retaliated against his mother for advocating on his behalf. *Id.* at 8. Plaintiff sought an order from the Hearing Officer compelling EISD to remedy these wrongdoings. *See id.* at 5, 6.

By filing this request, Plaintiff invoked the stay-put provision in the Individuals with Disabilities Act (IDEA). *See id.* at 6. The stay-put provision states that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j). This provision "guarantees an injunction that prohibits a school board from removing the child from his or her current placement during the pendency of the proceedings." *Tina M. v. St. Tammany Par. Sch. Bd.*, 816 F.3d 57, 60 (5th Cir. 2016) (quotation marks and citation omitted).

The following month, Plaintiff filed an emergency motion to impose the stay-put provision. Dkt. 2-2. Plaintiff argued that EISD was forcing him to graduate despite the parties' agreement that he would not graduate at the end of the 2024-

2

2025 school year. *Id.* at 2–3. Plaintiff asked the Hearing Officer to require EISD to cease and desist its attempt to graduate him during the due process proceeding and to provide him with the instruction and services outlined in his IEP. *Id.* at 8.

The Hearing Officer granted Plaintiff's motion shortly thereafter. Dkt. 2-5, at 4. The Hearing Officer found that EISD's attempt to unilaterally graduate Plaintiff while a due process complaint was pending constituted a change in placement and triggered stay-put protections. *Id.* at 3. The Hearing Officer concluded that "[g]raduation is not deemed effective until the appropriateness of such action is resolved via the due process hearing." *Id.* The Hearing Officer ordered EISD to maintain Plaintiff's educational placement in the "remote synchronous online homebound setting" through the resolution of the due process hearing. *Id.* at 4.

A few weeks later, Plaintiff filed a motion to enforce the stay-put order. Dkt. 2-6. Plaintiff argued that EISD was continuing to treat him as graduated, which prevented him from enrolling in a dual-credit class and from accessing certain portals. *Id.* at 2. Plaintiff also argued that EISD ignored his mother's requests to correct his educational records. *Id.* Plaintiff asked the Hearing Officer to order EISD to correct his educational records so that he would be treated as a student working towards graduation. *Id.*

The Hearing Officer then issued an order clarifying EISD's stay-put obligations. Dkt. 2-9. The Hearing Officer ordered EISD to return Plaintiff to the stay-put placement for the 2025-2026 school year and ensure full implementation of the August 2023 IEP as it existed prior to the dispute. *Id.* at 3. The Hearing Officer

further ordered that the stay-put placement shall remain in effect until the conclusion of the due process proceeding. *Id.*

Subsequently, the Texas Education Agency issued an investigative report regarding a separate complaint that Plaintiff's mother had filed. Dkt. 2-10. The agency determined that EISD changed Plaintiff's educational placement by graduating him. *Id.* at 5. The agency stated that if Plaintiff re-enrolls for the 2025-2026 school year, EISD must ensure that Plaintiff remains in the educational placement defined by the August 2023 IEP during the pendency of the due process proceeding. *Id.* The agency also ordered EISD to provide documents demonstrating its corrective actions by a certain date. *Id.* at 6.

The week before school started in August, the Hearing Officer instructed the parties to submit a status report regarding Plaintiff's course schedule. Dkt. 2-14, at ¶ 13. Plaintiff submitted a report arguing that the most appropriate schedule for the 2025-2026 school year would include World History, Earth Science, and two electives. Dkt. 2-11, at 1. Plaintiff noted that these classes would enable him to graduate under the 26-credit plan at the end of the 2025-2026 school year. *Id.* at 2.

EISD, on the other hand, explained that Plaintiff had completed all of the courses outlined in his August 2023 IEP and that he met the requirements to graduate under the Foundation High School Program. Dkt. 2-12, at 2. Because Plaintiff was still enrolled based on the Hearing Officer's order, EISD proposed several options to ensure that Plaintiff received services consistent with the stay-put

order. *Id.* These options included transition services and dual credit classes. *Id.* According to EISD, Plaintiff rejected this proposal. *Id.*

After the parties filed status reports, the Hearing Officer issued a second order clarifying EISD's stay-put obligations. Dkt. 2-13. The Hearing Officer ordered EISD to return Plaintiff to the stay-put placement for the 2025-2026 school year and ensure full implementation of the August 2023 IEP. *Id.* at 3. The Hearing Officer ordered EISD not to classify Plaintiff as graduated and to enroll him in classes based on his IEP that count toward graduation. *Id.* The Hearing Officer reiterated that EISD must "enroll Student in the District, register Student for classes, and allow Student to attend classes during the pendency of this due process proceeding." *Id.*

At the beginning of September, EISD gave Plaintiff the opportunity to take World History through a remote, synchronous model. Dkt. 2-14, at ¶ 18; Dkt. 4-17, at 2. The Texas Education Agency concluded, in a notice regarding EISD's corrective action, that "this instructional placement is consistent with the August 2023 IEP." Dkt. 4-18, at 2. The agency noted that "while the parent has concerns about the credits the student needs to graduate, that issue is outside the scope of the complaint." *Id.* The agency stated that no further action is required of EISD. *Id.*

The day after the agency issued this decision, Plaintiff filed the instant suit against EISD. Dkt. 1. Plaintiff sought a temporary restraining order and preliminary injunction, enjoining EISD from refusing to comply with its stay-put obligations by "immediately enrolling Plaintiff in World History, Earth Science, and two electives, and providing him all services and supports that were provided to him through the

August 2023 IEP that constitutes his stay-put placement. Dkt. 2, at 10. EISD filed a response to Plaintiff's motion, Dkt. 4, and Plaintiff filed a reply in support, Dkt. 5.

Last month, the Court denied Plaintiff's motion for a temporary restraining order and deferred ruling on his motion for a preliminary injunction. Dkt. 7. The Court next held a hearing on Plaintiff's motion for a preliminary injunction and heard arguments from counsel for each party. Dkt. 11. At the end of the hearing, the Court informed the parties that it was going to deny the Plaintiff's motion for a preliminary injunction and set this case for trial sometime in the next couple months. This order memorializes the Court's ruling.

## II.    Legal Standard

The IDEA's stay-put provision provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j). The injunction imposed by this provision is automatic, and "the party seeking it need not meet the usual requirements for obtaining preliminary injunctive relief." *Wagner v. Bd. of Educ. of Montgomery Cnty.*, 335 F.3d 297, 301 (4th Cir. 2003); *see also H.W. v. Comal Indep. Sch. Dist.*, No. SA-21-CV-0344-JKP, 2021 WL 1566453, at *1 (W.D. Tex. Apr. 21, 2021) (noting that "the process differs for cases such as this one which . . . seeks an injunction under § 1415(j)). "Thus, when presented with an application for section 1415(j) relief, a district court should simply determine the child's then-current

educational placement and enter an order maintaining the child in that placement." *Tina M.*, 816 F.3d at 60.

The IDEA does not define "then-current educational placement," but some courts have held that "the dispositive factor is the IEP in place when the stay-put provision is invoked." *Erickson v. Albuquerque Pub. Sch.*, 199 F.3d 1116, 1121 (10th Cir. 1999); *see also E. E. v. Norris Sch. Dist.*, 4 F.4th 866, 872 (9th Cir. 2021) (interpreting "current educational placement" as "the placement set forth in the child's last implemented IEP"). Moreover, the Fifth Circuit has explained that an educational placement "is not changed unless a fundamental change in, or elimination of, a basic element of the educational program has occurred." *Sherri A.D. v. Kirby*, 975 F.2d 193, 206 (5th Cir. 1992); *see also White v. Ascension Par. Sch. Bd.*, 343 F.3d 373, 379 (5th Cir. 2003) (holding that educational placement "means educational program—not the particular institution where that program is implemented").

### III. Analysis

Plaintiff moves for a preliminary injunction requiring EISD to enroll him in four classes this semester. Dkt. 2, at 19. Specifically, Plaintiff requests to be enrolled in World History, Earth Science, and two electives. *Id.* EISD has already enrolled Plaintiff in World History, Dkt. 4-1, at ¶ 29, so the question is whether EISD must enroll him in Earth Science and two electives.

Plaintiff believes that he is entitled to these classes for several reasons. Plaintiff argues that the August 2023 IEP contemplates that he would take at least

four or five classes. Dkt. 5, at 6. Plaintiff contends that even EISD indicated that he would take four or five classes this year. Dkt. 2, at 15. Moreover, Plaintiff points out that the Hearing Officer ordered EISD to enroll him in *classes*—not just *a class*—that count toward graduation. Dkt. 5, at 6. Plaintiff contends that "[t]he classes that count toward graduation are World History, Earth Science, and two electives." Dkt. 2, at 9.

EISD sees things differently. EISD argues that the August 2023 IEP never contemplated Plaintiff taking Earth Science and two electives. Dkt. 4, at 11. EISD contends that the only course contemplated by the IEP that Plaintiff has not yet completed is World History. *Id.* at 4, 8. By offering this course, EISD believes that it has complied with its obligations under the IEP. *Id.* at 11. EISD argues that compelling enrollment in classes not listed in the IEP would "alter placement and expand relief beyond stay-put." *Id.* at 8.

After careful consideration, the Court agrees with Defendant. The August 2023 IEP is the dispositive factor in determining Plaintiff's "then-current educational placement." *See, e.g.*, *Erickson*, 199 F.3d at 1121. The August 2023 IEP plans for Plaintiff to take four courses during the 2025-2026 school year: PE, World History, Foreign Language, and Fine Arts. Dkt. 4-3, at 25 (listing those courses underneath the 2025-2026 school year). Nowhere does the IEP mention that Plaintiff would take Earth Science and two electives. *Id.*

Plaintiff emphasizes the *number* of classes he was projected to take this school year. Dkt. 5, at 6. But the problem is that the IEP does more than plan a specific number of classes for Plaintiff to take each year; it lists which classes he would take

8

and when he would take them. Dkt. 4-3, at 25. Requiring EISD to offer classes that are not listed in the IEP, just to reach a certain number, would require EISD to do more than maintain Plaintiff's educational placement—it would alter that placement.

Plaintiff also argues that EISD indicated he would take five courses during the current school year. Dkt. 2, at 15; Dkt. 2-3, at 47. But Plaintiff bases this argument on statements from an IEP that was developed in 2024. Dkt. 2-3, at 11. Both parties agree that the August 2023 IEP, not a 2024 IEP, controls this dispute. *See* Dkt. 4, at 4 (asserting that Plaintiff's August 2023 IEP "constitutes the operative stay-put placement"); Dkt. 5 (acknowledging that "the status of the August 2023 IEP as the operative stay put placement has never been disputed"). Thus, Plaintiff's argument is misplaced.

Next, Plaintiff relies on the Hearing Officer's directive that he be enrolled in "classes." Dkt. 2-13, at 3. Although the Hearing Officer used the word "classes," she also said that those classes must be "based on" the August 2023 IEP. *Id.* As stated above, the IEP does not include Earth Science and two electives among the classes listed for this school year. Dkt. 4-3, at 25. So even if the Hearing Officer's order could be interpreted as requiring more than one class, it would not support Plaintiff's request to be enrolled in classes that the IEP does not contemplate.

Finally, Plaintiff argued at the hearing that EISD is not providing necessary support and services in conjunction with the World History class. However, EISD represents that the World History class is "being provided in the manner of remote synchronous delivery as agreed upon in his August 2023 IEP." Dkt. 4, at 8. And back

9

in September, the Texas Education Agency found that Plaintiff's instructional placement "is consistent with the August 2023 IEP." Dkt. 4-18, at 3. The Court sees no reason to second guess the agency's finding.

## IV.   Conclusion

Accordingly, Plaintiff's motion for a preliminary injunction, Dkt. 2, is **DENIED**. The Court will issue a separate order setting the remaining scheduling deadlines.

**SIGNED** on November 7, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE